IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLORIA LOPEZ,

    Plaintiff,

vs.                                          Civil No. 97-0957 LH/WWD

KENNETH S. APFEL,[1]
Commissioner of Social Security,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

### Proposed Findings

    1.  THIS MATTER comes before the Court upon defendant's Motion to Dismiss for Lack of Jurisdiction for Failure to Exhaust Administrative Remedies, filed November 10, 1997 [6-1]. The Commissioner contends that this Court has no jurisdiction to review the denial of plaintiff's benefits because the plaintiff failed to exhaust her administrative remedies and thus there is no "final decision" pursuant to section 205(g) of the Social Security Act, 42 U.S.C. 405(g).

    2.  Plaintiff does not dispute that exhaustion of administrative remedies is a prerequisite to

---

[1] President Clinton appointed Kenneth S. Apfel Commissioner of Social Security as of August 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted for John J. Callahan, who was the acting Commissioner of Social Security and thus the appropriate party at the time of the underlying decision. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

judicial review.  Instead, plaintiff argues that *res judicata* [2] is inapplicable here because plaintiff has raised a colorable constitutional claim and because there had been no hearing in the prior case. Ms. Lopez requests this Court to exercise its jurisdiction to order that the Commissioner was required to rule upon Ms.Lopez' request to reopen.

    3.   Decisions to reopen are discretionary, and are not "final decisions" within the meaning of the Social Security Act, thus generally precluding judicial review.  Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir. 1990); Taylor v. Heckler, 765 F.2d 872, 877 (9th Cir. 1985); Bolden v. Bowen, 868 F.2d 916, 920 (conc.op ) (7th Cir. 1989) (citing Califano v. Sanders, 430 U.S. 99 (1977)); McGowen v. Harris, 666 F.2d 60 (4th Cir. 1981).  However, jurisdiction to review the Commissioner's decision exists here because Ms. Lopez raises a colorable constitutional claim in the denial of due process.  Dozier v. Bowen, 891 F.2d 769, 771 (10th Cir. 1989) (federal judicial review may exist when the Commissioner's denial of a petition to reopen is itself challenged on constitutional grounds); Califano at 108; McGowen, 666 F.2d at 65.

    4.   Plaintiff also seeks judicial review under mandamus jurisdiction pursuant to 42 U.S.C. § 1361.  I need not determine whether there is mandamus jurisdiction, since review will be allowed under 42 U.S.C. 405(g).  See Califano at 108.[3]

---

[2] Plaintiff appears to infer *res judicata* as a theory of defendant's argument based on the finality of the Commissioner's decision because of claimant's failure to see the administrative process through.  Nevertheless, plaintiff's claim was not dismissed at the administrative level on *res judicata* and is not now presented as the basis for the Commissioner's motion.  Mem. at 4.

[3] Mandamus jurisdiction is available only if plaintiff has exhausted all available remedies to obtain disability benefits through the administrative process and if defendant owes plaintiff clear non-discretionary duty.  Dealy v. Heckler, 616 F.Supp. 880, 883 (10th Cir. 1984) (citing Heckler v. Ringer, 466 U.S. 602 (1984)).  In the absence of a due process violation, it is unlikely that mandamus jurisdiction would exist, since the decision not to re-open is purely discretionary.

5. On November 3, 1994, plaintiff filed application for disability insurance benefits, which was denied. She then requested reconsideration which was also denied in a notice dated May 10, 1995. Mem, Ex.1 of Aff. Although she was advised in writing that she had 60 days to appeal the decision in a hearing before an Administrative Law Judge ("ALJ"), Mem., Ex. 1, Ms. Lopez did not do so until August 11, 1995, when she also sent along a statement of "good cause for missing deadline to request review." Ex. 2.

6. On September 8, 1995,[4] an ALJ dismissed plaintiff's request to reopen on the basis that it was not filed timely and there was not good cause for extending the time for filing. Ex. 3. The Appeals Council denied plaintiff's request for review on May 16, 1997. Ex. 5. Plaintiff maintains that it was a denial of due process for the Commissioner to "ignor[e]" her August 11, 1995 request to reopen the application.

7. It is not clear whether plaintiff has a property interest in social security benefits which trigger the protections of procedural due process, or what the extent of that interest is. See Perry v. Sindermann, 408 U.S. 593, 599 (1972). See Weinberger v. Salfi, 422 U.S. 749, 771 (1975) (no constitutionally protected status to receive funds from public treasury).[5]

8. Although the Tenth Circuit has not directly addressed this issue, there is some basis

---

[4] The date is erroneously referred to as August 8, 1995, but the date on the exhibit is September 8, 1995, which makes more sense chronologically.

[5] The existence of a property right would be clear in the situation where the claimant had already been receiving benefits which are being terminated. Cmp. LaBaron v. United States, 989 F.2d 425, 428 (10th Cir. 1993); Barfield v. Weinberger, 485 F.2d 696-97 (5th Cir. 1973). In Mathews v. Eldridge, 424 U.S. 319 (1976), the Supreme Court held that recipients of Social Security benefits have a property interest in their *continued* receipt; accord, Atkins v. Parker, 472 U.S. 115, 128 n.31 (1985). The Mathews court did not rule on the question of whether *applicants* for benefits were entitled to the same interest. Walters v. National Ass'n of Radiation Survivors et al., 473 U.S. 305, 320 n.8 (1985).

upon which to allow for the existence of a property interest which would be afforded the minimal protections of due process.  Gonzalez v. Sullivan, 914 F.2d 1197, 1202 (9th Cir. 1990) (misleading notice form violates claimant's fifth amendment right to procedural due process); Dealy v. Heckler, 616 F.Supp. 880, 884 (W.D.Mo. 1984); Fortner v. Shalala, unpubl. op., 1993 WL 141905 (D.Kan.1993); Goldsmith v. United States Board of Tax Appeals, 270 U.S. 117 (1926) (lawyer who had been refused admission to practice before the Board of Tax Appeals nonetheless possessed a property right emanating from the Board's own rules to require prior hearing and statement of reasons for denial even though petitioner had not beforehand been the recipient of Board's benefits); Lavine v. Milne, 424 U.S. 577 (1976), cited in Adams v. Harris, 643 F.2d 995, 1001-02 (4th Cir. 1981) (assuming without deciding that Social Security applicant has constitutionally protected property interest); Gipson v. Harris, 633 F.2d 120, 122 (8th Cir. 1980) (also assuming protected property interest and holding that due process clause did not require the SSA to separately notify claimant's attorney of reconsideration denial); see also Califano v. Sanders, 430 U.S. 99, 108 (1977) (holding that [42 U.S.C. 405(g)] authorizes judicial review for colorable constitutional claims without holding that a property interest exists for due process purposes).

   9.   Even assuming that Ms. Lopez has a property interest sufficient to entitle her to constitutional protection, I find no violation of her due process rights.  During the administrative process, plaintiff's stance was that she had in fact appealed her denial for reconsideration, and that the late filing for the request for a hearing was due to a "misunderstanding."  Mem., Ex. 2 to Aff.; Ex. 4 (request to vacate order of dismissal), ¶ 2.

   10.  However, in her later affidavit attached to the response, plaintiff, who lives in Las

4

Vegas, New Mexico, states that she does not "remember seeing the May 10, 1995 reconsideration denial" because during April and May she was in Albuquerque with her mother and in June she was in Idaho with her son.[6] Resp., Ex. A. In addition, she states that she broke her leg on July 2, 1995 and was hospitalized for about two days and could not move around well afterward.[7]

11.   Despite the inconsistencies in plaintiff's positions, the credibility issue is not critical. Neither scenario amounts to a viable due process violation, since her failure to file a timely request in either situation had no connection to any action taken or not taken by the defendant which can be viewed as depriving Ms. Lopez of procedural due process.  See Gilbert v. Shalala, 828 F.Supp. 815, 818 (D.Colo. 1993) (no causal connection between the SSA's notices and failure to seek administrative review); cmp.Dealy v. Heckler, 616 F.Supp. at 880 (where notice to claimant was misleading, court found property interest and applied balancing test from Goldberg v. Kelly, 397 U.S. 254 (1970), holding that requiring government to supply claimant with accurate information was not financial or administrative burden).

12.   Although not receiving the notice of reconsideration denial arguably qualifies under the regulations as an example of "good cause" for missing a deadline, 20 C.F.R. §§ 404.911, 404.933(c), this excuse was *not* presented to the Commissioner as the basis for plaintiff's request for an extension.  Plaintiff also asserts that the non-attorney representative[8] who represented her

---

[6] Even the affidavit is unclear as to whether Ms. Lopez never received the notice at all, or finally did receive it but she was either out-of-town or too unwell to check the mail before the request was due.

[7] Plaintiff filed a supplemental response to include medical reports to corroborate that part of the affidavit relating to hospitalization.

[8] The representative was from the Disability Advocacy Clinic.

during the administrative proceeding failed to raise the fact that plaintiff had sustained the foot injury a few days before the deadline expired for a timely request.

13. The prejudice perceived by plaintiff to have occurred by not having an attorney represent her does not benefit plaintiff's position. Even if SSA had this information at the time of plaintiff's untimely request, a reconsideration denial on the basis that this excuse did not amount to good cause would still not constitute a deprivation of due process. Plaintiff's foot injury occurred early at the beginning of July, but she had received notice (which plaintiff was not disputing at the time she made her request for an extension) almost two months earlier.

14. Similarly, if the information in plaintiff's affidavit had been before the SSA, a denial for reconsideration again would not raise any question of due process deprivation, given that plaintiff's basis for "good cause" was essentially that she had not arranged to have her mail forwarded or picked up for almost two months.

15. In sum, the ALJ did not ignore plaintiff's request to reopen. On the contrary, he considered the request and plaintiff's basis for good cause in denying a request for hearing. Mem., Ex. 3, Order of Dismissal. Plaintiff received all the due process to which she was entitled under the social security regulations as well as the Fifth and Fourteenth Amendments. The ALJ's use of discretion in the decision not to reopen comported with due process requirements. Thus, that decision cannot be judicially reviewed. See Triggs v. Chater, 927 F.Supp. 1394 (D.Colo. 1996).[9]

---

[9] The courts are divided on the question of whether *res judicata* can apply where there was no prior hearing, although the regulations do allow it to be used that way. C.F.R. § 404.958(c)(3) (*res judicata* applies if no request for hearing made within the stated time period and time for requesting hearing not extended). Yet I do not consider plaintiff's additional argument related to this issue because the facts here are inapposite to such an inquiry. See n.2,

**Recommendation**

I recommend that defendant's Motion to Dismiss for Lack of Jurisdiction for Failure to Exhaust Administrative Remedies [6-1] be **granted** and that this matter be dismissed in its entirety. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

*[signature]*
UNITED STATES MAGISTRATE JUDGE

---

above. In this case, there was no second administrative proceeding from which to apply the doctrine. See 20 C.F.R. § 404.958(c)(1) ("... *res judicata* applies in that we have made a *previous* determination . . . [which] has become final. . .") (second set of italics added).